G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Direct Dial: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiff,
JENNIFER RAYMOND

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER RAYMOND<br><br>Plaintiff,<br><br>vs.<br><br>ASSOCIATED RECOVERY SYSTEMS; DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: '12 CV 2453 MMA WVG<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Jennifer Raymond, an individual consumer, against Defendant, Associated Recovery Systems, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3.      Plaintiff, Jennifer Raymond, is a natural person with a permanent residence in Lincolnton, Lincoln County, North Carolina 28092.

4.      Upon information and belief the Defendant, Associated Recovery Systems, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 201 West Grand Ave., Escondido, San Diego County, California 92046. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.      Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTS

6.      The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money,

property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "Let me get my F*cking manager."

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with the Plaintiff before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the Plaintiff's location; and

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times, in excess of 20 times a day, and with such frequency as to harass and abuse the Plaintiff.

10. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

11. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

12. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

14. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## FIRST CLAIM FOR RELIEF

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with the Plaintiff before 8 o'clock antemeridian, local time at the Plaintiff's location; and

(c) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(d) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(e) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(h) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

(i) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Jennifer Raymond, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Associated Recovery Systems, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

## I.   DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Jennifer Raymond, demands trial by jury in this action.

DATED:  October 2, 2012

RESPECTFULLY SUBMITTED,

**PRICE LAW GROUP APC**

By: _____

G. Thomas Martin, III
Attorney for Plaintiff